IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIA MOTORS AMERICA, INC.; and <br> KIA MOTORS CORPORATION, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PETER F. WINGARD, <br> <br> Defendant. | Civil Action No.: <br> <br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Kia Motors America, Inc. ("KMA") and Kia Motors Corporation ("KMC") (collectively, "Kia") seek a declaration that Kia does not and has not directly or indirectly infringed United States Patent No. 5,530,431. Kia alleges as follows.

## NATURE OF ACTION

1. This is an action for a declaratory judgment of non-infringement arising under the patents laws of the United States, Title 35 of the United States Code. Kia requests this relief because Defendant Peter F. Wingard ("Wingard") has filed ten lawsuits claiming that Kia's customers, namely, certain dealers of Kia-branded automobiles ("Kia dealers"), allegedly infringe United States Patent No. 5,530,431 ("the 431 patent") "by using, importing, selling and/or offering to sell" the "Kia Optima, Kia Rio, and Kia Soul Smart Key and/or Keyless Entry system [that] embody and/or contain keyless ignition systems" ("the Accused Ignition Systems"). *See, e.g.*, Complaint at ¶¶ 15, 17, *Wingard v. Berwyn Kia*, No. 1:14-cv-01619 (N.D. Ill. Mar. 7, 2014). A true and correct copy of the 431 patent is attached as Exhibit A. The Accused Ignition Systems are included in certain Kia-branded automobiles manufactured by

KMC and KMA's wholly-owned subsidiary, Kia Motor Manufacturing Georgia, Inc. ("KMMG"), and are distributed within the United States by KMA to a network of Kia dealers. Wingard's litigation campaign against Kia's dealers has placed a cloud over Kia's products, threatened Kia's business and relationships with its dealers, and created a concrete and immediate justiciable controversy between Kia and Wingard.

**THE PARTIES**

2. Plaintiff KMA is a California corporation with its principal place of business located at 111 Peters Canyon Road, Irvine, CA 92606. KMA is a wholly-owned subsidiary of KMC. KMA is engaged in the business of distributing motor vehicles and related parts and accessories, and is the sole authorized distributor in the United States of Kia-branded automobiles, some of which include the Accused Ignition Systems, to a network of Kia dealers located throughout the United States.

3. Plaintiff KMC is a corporation organized under the laws of the Republic of Korea and has its principal place of business at 231 Yangjae-dong, Seocho-gu, Seoul 137-938, South Korea. KMC was founded in 1944 and is Korea's oldest manufacturer of motor vehicles. From its origins making bicycles and motorcycles, KMC has grown to become the world's fifth largest vehicle manufacturer. KMC manufactures certain Kia-branded automobiles, namely, the Kia Optima®, Kia Rio®, and Kia Soul®, which include the Accused Ignition Systems. KMA's wholly-owned subsidiary, KMMG, manufactures the Kia Optima®, which includes the Accused Ignition Systems.

4. On information and belief, Defendant Peter F. Wingard is an individual with a residence at Apartment 308, 1501 Brandonshire Court, Greensboro, North Carolina 27409.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the patent laws of the United States, 35 U.S.C. § 100 et seq.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

7. This Court has personal jurisdiction over Wingard. Among other things, Wingard submitted to the personal jurisdiction of this Court by filing a Complaint for alleged infringement of the 431 patent against Berwyn Kia. *See* Complaint, *Wingard v. Berwyn Kia*, No. 1:14-cv-01619 (N.D. Ill. Mar. 7, 2014).

8. In addition, this Court has personal jurisdiction over Wingard for another reason: Wingard has purposefully directed into Illinois his enforcement activities regarding the 431 patent. As part of this enforcement campaign, Wingard filed suit against Illinois-based Berwyn Kia, accusing Berwyn Kia's use, sale, and offer to sell of Kia-branded automobiles that contain the Accused Ignition Systems with infringement of the 431 patent.

9. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to Kia's claim occurred in this District, and because Wingard is subject to personal jurisdiction here.

## FACTUAL BACKGROUND

### I. Existence of a Justiciable Controversy

10. In or about October 2013, Wingard, through counsel, launched a letter campaign accusing several Kia dealers with infringing "at least claim 14" of the 431 patent with respect to the use, sale and offer for sale of Kia-branded automobiles that contain the Accused Ignition Systems.

11. On or about October 22, 2013, KMA contacted Wingard's counsel and advised that KMA would investigate Wingard's infringement allegations against the Kia dealers. KMA also advised Wingard that, in the event a license was warranted, KMA would negotiate a license under the 431 patent on behalf of Kia and its U.S. dealers. KMA also advised Wingard that should KMA conclude that a license under the 431 patent was unnecessary, KMA would defend and indemnify the Kia U.S. dealers in the event Wingard pursued legal action against the Kia dealers for alleged infringement of the 431 patent.

12. After investigating Wingard's charges of alleged patent infringement, on or about November 22, 2013, KMA advised Wingard's counsel that, among other things, the Accused Ignition Systems did not infringe the 431 patent. KMA further reminded Wingard of KMA's obligation and intent to indemnify and defend KMA's dealers in the event Wingard pursued legal action against KMA's dealers for alleged infringement of the 431 patent. However, and in an effort to avoid the unnecessary involvement of KMA's dealers in the potential patent dispute, KMA requested that Wingard bring any suit for alleged patent infringement directly against KMA without involving KMA's dealers.

13. Wingard ignored KMA's request. Rather than suing KMA for alleged patent infringement, from about March 6, 2014 to about March 12, 2014, Wingard filed ten nearly identical complaints for alleged patent infringement against ten separate Kia dealers ("the Kia Dealer Suits") in ten different jurisdictions. The ten complaints allege that the Kia dealers infringe the 431 patent by "importing, selling and/or offering to sell in the United States" Kia-branded automobiles that include the same Accused Ignition Systems. The ten Kia Dealer Suits are identified in the chart below.

4

| **Defendant Kia Dealer** | **District** | **Case No.** | **Filing Date** |
|---|---|---|---|
| Kia of Wilmington | D. Del. | 1:14-cv-00291-LPS | March 6, 2014 |
| Global Kia | D.N.J. | 3:14-cv-01587-PGS-LHG | March 6, 2014 |
| Orlando Kia East | M.D. Fla. | 6:14-cv-00367-Orl-18GJK | March 6, 2014 |
| Berwyn Kia | N.D. Ill. | 1:14-cv-01619 | March 7, 2014 |
| Williamsburg Kia | E.D. Va. | 3:14-cv-00153-REP | March 7, 2014 |
| Classic Kia | E.D. Tex. | 5:14-cv-00028-MHS-CMC | March 7, 2014 |
| Southwest Kia | N.D. Tex. | 3:14-cv-00865-K | March 7, 2014 |
| Metro Kia of Madison | W.D. Wis. | 3:14-cv-00185-wmc | March 7, 2014 |
| Joe Myers Kia | S.D. Tex. | 4:14-cv-00582 | March 10, 2014 |
| Kia of Downtown Los Angeles | C.D. Cal. | 2:14-cv-01796-GW-AGR | March 12, 2014 |

14. Upon information and belief, Wingard has not yet served any of the complaints in the above-referenced Kia Dealer Suits.

15. On April 15, 2014, Wingard's counsel advised KMA of the above-referenced Kia Dealer Suits, that none of the above-referenced Kia dealers had been served, and that Wingard was interested in settling the Kia Dealer Suits before service. Wingard's counsel also threatened that additional dealer suits would be filed against additional Kia dealers unless KMA entered into a "nationwide license agreement for the entire KMA US dealership network."

16. KMC manufactures the Kia-branded automobiles that include the Accused Ignition Systems, namely, the Kia Optima®, the Kia Rio®, and the Kia Soul®. KMA's wholly owned subsidiary, KMMG, also manufactures certain Kia-branded automobiles that include the Accused Ignition Systems, namely, the Kia Optima®.

17. KMA distributes Kia-branded automobiles within the United States, and is the sole supplier of the Kia-branded automobiles that contain the Accused Ignition Systems to the network of Kia dealers located within the United States, including the Kia dealers who are named defendants in the Kia Dealer Suits.

18. KMA is indemnifying and defending the Kia dealers, including but not limited to the Kia dealers who are named defendants in the Kia Dealer Suits, with respect to Wingard's claims for alleged infringement of the 431 patent by the Accused Ignition Systems.

19. KMC, in turn, is indemnifying KMA with respect to Wingard's claims for alleged infringement of the 431 patent by the Accused Ignition Systems found in Kia-branded automobiles.

20. For these reasons, an actual controversy exists between Kia and Wingard concerning the alleged infringement of the 431 patent.

## II. The Accused Ignition Systems Do Not Infringe The 431 Patent

21. The Accused Ignition Systems do not infringe and have not infringed, either directly or indirectly, any claim of the 431 patent.

22. No Kia product infringes or has infringed, either directly or indirectly, any claim of the 431 patent.

23. No third-party, including but not limited to the Kia dealers, infringes or has infringed, either directly or indirectly, any claim of the 431 patent by virtue of importing, making, using, selling or offering to sell Kia-branded automobiles having the Accused Ignition Systems.

## COUNT I
### (Declaration of Non-Infringement of the 431 patent)

24. Kia restates and incorporates by reference the allegations in ¶¶ 1-23 of this Complaint as if fully set forth herein.

25. In the Kia Dealer Suits, Wingard claims to own all rights, title, and interest in the 431 patent.

26. In the Kia Dealer Suits, Wingard alleges infringement of the 431 patent by the Accused Ignition Systems used in certain Kia-branded automobiles.

27. A substantial, immediate, and real controversy therefore exists between Kia and Wingard concerning whether the Accused Ignition Systems used in certain Kia-branded automobiles infringe or have infringed the 431 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the 431 patent.

28. KMC and KMA seek a judgment declaring that the Accused Ignition Systems used in certain Kia-branded automobiles do not infringe and have not infringed, either directly or indirectly, any claim of the 431 patent.

## PRAYER FOR RELIEF

WHEREFORE, Kia respectfully requests the following relief. An Order:

A. Declaring that the Accused Ignition Systems used in certain Kia-branded automobiles do not and have not infringed, either directly or indirectly, any claim of the 431 patent;

B. Finding this case exceptional under 35 U.S.C. § 285;

C. Awarding Kia its costs and reasonable attorneys' fees; and

D. Such further and additional relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Kia demands a trial by jury on all issues and claims so triable.

Dated April 28, 2014                      Respectfully submitted,

By:    /s/ Ralph J. Gabric
Ralph J. Gabric (SBN 6198485)
Robert S. Mallin (SBN 6205051)
Hersh H. Mehta (admission pending)
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
T: (312) 321-4200
F: (312) 321-4299

Seung Hyun Jang (pro hac vice admission pending)
**BRINKS GILSON & LIONE**
1775 Pennsylvania Ave., NW, Suite 900
Washington, D.C. 20006-2219
T: (202) 296-8700
F: (202) 296-8701
Attorneys for Plaintiffs
Kia Motors America, Inc. and
Kia Motors Corporation